**Lillie LARKIN, Plaintiff-Appellant,**

**v.**

**CONSOLIDATED SERVICE CAR COMPANY, a Corporation, Defendant-Respondent.**

**No. 31750.**

St. Louis Court of Appeals.

Missouri.

Sept. 25, 1964.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 26, 1964.

Samuel A. Goldblatt, William L. Mason, Jr., St. Louis, for plaintiff-appellant.

Murphy & Roche, John T. Murphy, Jr., Carl R. Gaertner, St. Louis, for defendant-respondent.

DOERNER, Commissioner.

Plaintiff brought this action to recover damages of $7500 for personal injuries. At the close of plaintiff's case the court direct-

ed a verdict in favor of defendant, upon which judgment was entered accordingly. Following the overruling of her after-trial motions plaintiff duly appealed.

Defendant is a common carrier of passengers for hire, operating for that purpose large automobiles known as "service cars" on the public streets of the City of St. Louis. On the evening of July 3, 1960, plaintiff, a woman 54 years of age, was a fare-paying passenger on one of defendant's service cars, having embarked at Goode Avenue. She sat in the back seat, on the right hand side. To her left there was seated a man then unknown to the plaintiff, who was identified during the trial by one of her witnesses as Reverend Chisholm Jones, since deceased; and to his left sat another woman passenger. The car traveled eastwardly on Easton Avenue, and as it neared the intersection of Grand Avenue with that street, plaintiff notified the driver of her desire to get off at that point. No other passenger did so. When the car stopped at the southeast corner of the intersection Reverend Jones crossed in front of plaintiff, opened the right rear door, and got out. As plaintiff was in the act of following him out, Jones closed the door on plaintiff's right leg. The evidence for plaintiff was that neither Reverend Jones, who walked away, nor the driver, who remained seated, came to her assistance, although she screamed from the pain. While the testimony of plaintiff's doctor is not included in the transcript, her own testimony indicates that she sustained a fracture of the lower part of her leg.

Pointing to the testimony of one of her witnesses that it was the defendant's custom to allow its passengers to open and close the car doors themselves, and to the absence of any evidence that plaintiff knew of the custom, plaintiff advances the following argument: first, that as a fare-paying passenger the defendant common carrier owed her a non-delegable duty to exercise the highest degree of care to afford her a reasonably safe opportunity and means of exit from its vehicle; and second,

(and we quote) "Defendant chooses to operate its common-carrier vehicles under a custom or arrangement whereby it allows and permits its passengers to themselves open and close the exit doors on its vehicles; if defendant does not thereby delegate its nondelegable duty to exercise the highest degree of care to afford its passengers a reasonable safe opportunity and means of exit as a matter of law, and thereby render itself absolutely liable for the acts or omissions of its passengers which cause injury to other passengers, it thereby at least creates a jury issue as to whether it thereby does or does not exercise the highest degree of care to afford its passengers such opportunity and means."

 Assuming, without deciding, that the law is as stated by plaintiff, the fatal weakness in plaintiff's position is that she did not plead or attempt to recover below on the theory now advanced in her argument on appeal. In her petition plaintiff did not refer to defendant's custom of allowing or permitting its passengers to themselves open and close the exit doors of its vehicles, nor did she charge that defendant thereby failed to exercise the highest degree of care to afford plaintiff a reasonably safe opportunity and means of exit from its vehicle. All that plaintiff alleged in her petition was that the door was closed on her leg as the result of the carelessness and negligence of the defendant "by and through its agent, servant and employee" and that defendant "by and through its agent, servant and employee" was at all times therein mentioned in complete charge and control of the service car. In brief, plaintiff pleaded that the operator of defendant's car closed the door on her leg, but her evidence failed to sustain her charge in that it showed that a fellow-passenger did so. It is elementary that in an action for damages for personal injuries the plaintiff, in order to recover, must make out a case against the defendant upon the particular charge or theory of negligence alleged in his petition as constituting the cause of action which the defendant will be

called upon to meet, and he will not be permitted to recover upon proof of any other or different charge or theory, even though the same might suffice to have shown actionable negligence on the defendant's part if properly pleaded. Gilliland v. Bondurant, 332 Mo. 881, 59 S.W.2d 679, affirming (Mo.App.) 51 S.W.2d 559; Hughes v. Kiel, Mo.App., 100 S.W.2d 48; Hein v. Chicago & E. I. R. Co., Mo.App., 209 S.W. 2d 578. The court, therefore, did not err in directing a verdict for defendant at the close of the plaintiff's case. Rice v. Allen, Mo., 309 S.W.2d 629.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of DOERNER, C., is adopted as the opinion of this court. The judgment is affirmed.

RUDDY, P. J., WOLFE, J., and JAMES D. CLEMENS, Special Judge, concur.