**Orville W. EDWARDS, Plaintiff-Respondent,**

v.

**John F. HREBEC, Defendant-Appellant.**

**No. 8624.**

Springfield Court of Appeals.

Missouri.

March 30, 1967.

Stanley P. Clay, Joplin, for defendant-appellant.

Edward G. Farmer, Jr., Joplin, for plaintiff-respondent.

TITUS, Judge.

Germination of this cause occurred September 15, 1965, on Seventh Street in Joplin,

Missouri, in a fracas between a Ford and a Chevrolet. The Ford was owned by the plaintiff-respondent, Orville W. Edwards, and driven by his son. John F. Hrebec, the defendant-appellant, operated the Chevrolet which belonged to the Southwestern Bell Telephone Company. Edwards filed suit for his automobile damage in the Magistrate Court of Jasper County, naming the telephone company as the sole defendant. A transcript of the proceedings had in the magistrate court was, without objection, introduced into evidence when the case was tried anew in the circuit court. The transcript was stipulated to be "correct and true."

Hrebec appeared in the magistrate court as a witness for the telephone company. During the course of the trial (and we quote from respondent's brief), "[I]t became apparent to Respondent that the major issue in this action was whether or not * * * Hrebec was on business for the telephone company so as to make the telephone company responsible for his actions." The record of the magistrate court testimony reveals the following, *and nothing else*, occurred:

> "Mr. Farmer [attorney for the plaintiff]: Motion to add Mr. Hrebec as a party defendant.

> "Mr. Clay [attorney for the telephone company]: To which we object."

The magistrate's transcript sent to the circuit court upon appeal recites:

> "12/7/65 * * *. On this day the above cause comes on for trial * * *. After hearing Plaintiff's evidence, the Court, over objection, on Motion of Plaintiff, grants leave to Plaintiff to amend his Petition by joining John F. Hrebec as Co-Defendant to this suit * * *. Plaintiff ordered to file his amended [sic] with the Court. John F. Hrebec, Co-Defendant appears in open court with counsel and enters his appearance; trial continued. Having heard all

the evidence * * * the cause is taken under advisement."

On December 9, 1965, the magistrate recorded a finding and judgment for plaintiff and against "the co-defendant, John F. Hrebec only" in the sum of $600. The Notice of Appeal and Recognizance filed by Hrebec in the magistrate court describe him as "an alleged co-defendant."

A "record entry" made by the Jasper County Circuit Court January 24, 1966, states: "Now at this day, this cause comes on for trial * * *. And after hearing the statements of counsel * * * the Court finds that the defendant John F. Hrebec was not served with summons in the Magistrate Court and that he did not enter his appearance, whereupon the Court sustains the said defendant John F. Hrebec's motion to dismiss * * *."

On January 26, 1966, plaintiff filed a "Motion for Rehearing" and the following day the circuit court set aside its dismissal order and ruled "that this case be reinstated on the active docket for trial as to defendant John F. Hrebec."

Before trial commenced in the Circuit Court without a jury on June 17, 1966, Hrebec filed a written motion objecting to the introduction of any testimony and moved for dismissal of the cause for lack of jurisdiction over his person. The motion asserted Hrebec's magistrate court appearance was only as a witness, that he had never been served a summons or a petition or statement, that he did not enter his appearance in the cause, that he had not been represented by counsel, and the docket entry "of the Magistrate is in error." The motion was overruled. Without objection or any contradicting evidence on behalf of plaintiff, Hrebec testified in circuit court he had never entered "any appearance in this case," had not been represented by an attorney in magistrate court, and had never been served with a summons, petition or statement. When the circuit court overruled Hrebec's motion for new trial or to

amend and modify the $995 judgment it had entered for plaintiff, defendant appealed to this court.

Initially we are confronted with defendant's claim the magistrate court never acquired jurisdiction of his person and, consequently, the circuit court could derive no such jurisdiction. It is admitted there was no issuance or service of summons on Hrebec when effort was made to add him as co-defendant in the magistrate court. V.A.M.S. § 517.370. This was necessary unless he appeared in open court and entered his appearance. V.A.M.S. § 517.-380. Defendant's contention the record of the magistrate court is erroneous in stating he appeared with counsel and entered his appearance receives support from the transcript of the proceedings there and his uncontested evidence in the circuit court.

 "Magistrate courts shall be courts of record" (V.A.M.S. § 517.050), and, subject to exceptions bound to every general rule, we iterate a court of record can speak only by its records which import absolute verity. The marks which outline the extent of precise application of this aphorism are drawn at various sites depending on whether the records are contested by a "collateral attack" or a "direct attack" and what species of procedure we relate to each term.[1] Ordinarily an appeal from a judgment is in the nature of a direct attack,[2] for "an appeal is but a continuation of the original juridiction and suit." Herhalser v. Herhalser, Mo.App., 401 S.W.2d 187, 193(10). Extrinsic evidence is admissible in a direct attack to contradict the record and parol evidence of an entry by inadvertence, mistake or of the falsity of a recital is acceptable.[3] Even if the judgment be valid on its face and the record conventionally cannot be disputed by extrinsic evidence because the attack is collateral, yet if the parties admit or neglect to object to evidence showing the court's lack of jurisdiction over the person of defendant, it then is established the judgment is as void as though so shown by the record itself, and under such circumstances it is the court's duty to so declare as a matter of law.[4]

If Hrebec's elevation of the cause from the magistrate court to the circuit court be viewed an appeal as generally understood, his attack in the circuit court on the magistrate's records and judgment could be said to be direct and make permissible and effective the extrinsic evidence proffered to refute jurisdiction over his person. However, we are confronted with the statutory injunction that when an appeal from a magistrate court is perfected, the circuit "court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection on the trial, judgment or other proceedings of the magis-

1. State ex rel. and to Use of Conran v. Duncan, 333 Mo. (Banc.) 673, 63 S.W.2d 135, 139; Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142, 143; Lieber v. Lieber, 239 Mo. 1, 143 S.W. 458, 475(13); Howey v. Howey, Mo. (Banc.), 240 S.W. 450, 456; Jefferson City Bridge & Transit Co. v. Blaser, 318 Mo. 373, 300 S.W. 778, 781; Stumer v. Hibbing General Hospital, 242 Minn. 371, 65 N.W.2d 609, 612(1); Smiley v. Smiley, Mo.App., 207 S.W.2d 862, 867(9); Philbrick v. Parr, 47 Wash. 2d 505, 288 P.2d 246, 248(4).

2. Reineman v. Larkin, 222 Mo. 156, 121 S.W. 307, 311(1); 49 C.J.S. Judgments § 408a, pp. 805–809; Freeman on Judgments, 5th Ed., Vol. 1, § 307, pp. 610–612.

3. Restatement, Judgments § 12, comment b, pp. 70–71; Fresno County v. Roberson, Martin & Co., 124 Cal.App.2d Supp. 888, 269 P.2d 252, 254(3); City of Los Angeles v. Glassel, 203 Cal. 44, 49, 262 P. 1084, 1086(5–8); Annotation: 88 A.L.R. § IIIa, pp. 30–36; 32A C.J.S. Evidence § 860, p. 224.

4. Griggs v. Venerable Sister Mary Help of Christians, Mo.App., 238 S.W.2d 8, 14–15(9); Woodruff v. Tourville Quarry, Inc., Mo.App., 381 S.W.2d 14, 18(6); 49 C.J.S. Judgments § 421, p. 822 at 824; Freeman on Judgments, 5th Ed., Vol. 1, § 375a, pp. 788–789.

trate or sheriff in relation to the cause." V.A.M.S. § 512.270.

Prior to Cudahy Packing Co. v. Chicago & N. W. Ry. Co., 287 Mo. 452, 230 S.W. 82 (decided in 1921), confusion abounded whether an appeal from a justice of the peace court per se entered appellant's appearance in the circuit court. Cudahy noted that in 1879 what is now generally the same as V.A.M.S. § 512.270, supra, was amended to permit the circuit court "to hear, try and determine the same anew, without regarding any error, defect, or other imperfection in the original summons or the service thereof, or on the trial, judgment, or other proceedings of the justice or constable in relation to the cause." The court in Cudahy also recognized that a 1885 amendment to what is roughly V.A.M.S. § 512.190 added the proviso "the affidavit and bond for appeal filed shall be taken and considered by the appellate court [i. e., circuit court] as an entrance of appearance." Stating "the question in this case therefore concerns solely the meaning of the applicable statute[s] as written," Cudahy announced the mere fact of appeal gave the circuit court jurisdiction over the person of the defendant. This ruling was thereafter followed and in Stanton v. Caplan, Mo.App., 164 S.W.2d 143, 145(4) it was said: "In view of the statute and these cases from the Supreme Court we hold that when the defendant perfected an appeal to the circuit court he expressly and unconditionally waived any defects in the summons or service before the justice, *or the absence of any service at all.*" (Emphasis supplied).

In 1945 (effective January 1, 1947) the legislature repealed the old justice of the peace statutes and enacted laws governing the magistrate courts. The careful reader will discern little difference between the old statute and present V.A.M.S. § 512.270. However, the "tail" added by the 1885 legislature to the previous statute comparable to V.A.M.S. § 512.190 was not included in the law when the present magistrate statutes

were enacted. We could ponder, even more than we have already, as to what consequence, if any, resulted from the changes effective with the transition from justice to magistrate courts, were it not for these words from the Supreme Court in Cudahy, supra, 230 S.W. 1.c. 85(2):

"The purpose of an appeal from a justice of the peace in this state is to secure a 'trial anew.' That is the sole purpose for which such appeal is permitted by the statute. [V.A.M.S. § 512.270]. When a defendant appeals he therefore appeals for that purpose and no other. The very lodging of the appeal in the circuit court constitutes an invocation of the appellate jurisdiction of that court; and, since the circuit court, on such an appeal, has no appellate jurisdiction except for the purpose of a trial anew, it is an invocation of that court to exercise its jurisdiction in a trial anew. This of itself constitutes such an appearance as to waive defects in *or absence of summons or services.* In this state this principle is supplemented, as already pointed out, by our statutory provision * * * which expressly directs the circuit court on appeal to disregard every 'error, defect or other imperfection in the original summons or the service thereof * * *.' "

Also see 6 C.J.S. Appearances § 12n, p. 41: "Taking a general appeal from an inferior court to an intermediate appellate court, which tries the cause de novo, constitutes a general appearance in the intermediate court and confers jurisdiction of the person on that court, whether the court from which the appeal was taken had acquired jurisdiction of the person or not." To the same effect is 5 Am.Jur.2d Appearance § 34, p. 507.

In consideration of the foregoing we are constrained to rule that Hrebec's appeal to the circuit court for a trial de novo subjected him to the jurisdiction of that court irrespective of whether his appearance in the magistrate court was made as indicated by its record.

The transcript of proceedings had in the magistrate court recites that twenty-one days before the trial of this cause in that court the "parties file stipulation." The context of that stipulation is unknown and does not appear in the record before us. When the case was tried in the circuit court, defendant objected to plaintiff's testimony as to the value of the Ford before and after the collision. Counsel said: "Let the record show that plaintiff stipulated in the trial before the Magistrate Court that the damage to his automobile was $600 * * * and that plaintiff is bound by that stipulation * * *." The circuit court overruled the objection when plaintiff's attorney said "we stipulated there to a low figure, which was your figure and we are not going to do it at this time." However, defendant's lawyer was advised "the Court will permit you to examine [plaintiff] with reference to any prior testimony or agreement." Defendant asked plaintiff no questions regarding the stipulation, made no objection to another witness' testimony regarding plaintiff's damages, and at no time undertook to offer or produce the stipulation into evidence. Defendant now complains the circuit court erred in rendering a $995 judgment contrary to plaintiff's stipulation as to the extent of his damages.

■ A stipulation fairly entered into as to some fact in issue at a trial becomes a part of the record and is binding upon the parties and the court upon a subsequent trial of the same action, provided its terms do not limit it to a particular occasion, object or proceeding.[5] Proof of the existence of a stipulation or any issue in a case cannot be bottomed on extraneous statements made by counsel while voicing an objection any more than can a case be determined on such statements printed in a brief.[6] If an appellant desires review of an issue it is his duty to furnish a transcript containing all the records, proceedings and evidence relating thereto,[7] and where there is an absence of such items there is nothing for an appellate court to decide. The same applies to a trial court. An appellant cannot be heard to convict a trial court of error upon an issue which died for complete lack of nourishment by way of exhibits, evidence or testimony.

■ The accident occurred near the entrance to an alleyway extending north from Seventh Street, an east-west thoroughfare. The alley is midway between and runs parallel with Pearl Avenue (the first street east of the alley) and Byers Avenue (the first street west of the alley). Both parties proceeded on the theory plaintiff's son was a bailee of his father's automobile and any contributory negligence on his part was not imputable to the plaintiff.[8] Plaintiff's original and amended petition alleged his Ford automobile was being operated west on Seventh Street and the telephone company's Chevrolet was being driven east on said street when the Chevrolet (upon reaching the alley) "made a left turn directly in the path of plaintiff's vehicle causing a collision and damage to plaintiff's car." While formal pleadings are not required in magistrate court, if the plaintiff pleads formally, he is bound to the same extent as if the action had originated in the circuit court (Usona Mfg. Co. v. Shubert-Christy Corporation, Mo.App., 132 S.W.2d 1101, 1103(1, 2); Frye v. Baskin, Mo.App., 231 S.W.2d 630, 634–635[8]), and when the cause reaches the circuit court the trial

5. 50 Am.Jur. Stipulations § 13, p. 613; 83 C.J.S. Stipulations § 24(b), pp. 60–61; 31A C.J.S. Evidence § 381b, p. 923; Annotation: 100 A.L.R. 775, § II, pp. 776–784.

6. Landers v. Smith, Mo.App., 379 S.W.2d 884, 887(4); E. C. Robinson Lbr. Co. v. Lowrey, Mo.App., 276 S.W.2d 636, 644 (21); In re Jackson's Will, Mo.App., 294 S.W.2d 953(1).

7. V.A.M.S. § 512.110; V.A.M.R. 82.12 and 82.14; Brand v. Brand, Mo., 245 S.W.2d 94, 96(4); Thomson v. Bast, Mo.App., 309 S.W.2d 667, 671.

8. Sherwood v. Arndt, Mo., 332 S.W.2d 891, 895; McCloud v. Saling, Mo.App., 259 S.W.2d 699, 701(1, 2); Norton v. Hines, 211 Mo.App. 438, 245 S.W. 346, 348(1–3).

there "shall be governed by the practice in such court." V.A.M.S. § 512.310. We here note plaintiff at no time sought to amend his pleadings in any respect as made permissible under V.A.M.R. 55.54 with leave of court.

Plaintiff's driver testified that immediately prior to the accident he had been southbound on Pearl and turned right or west onto Seventh Street. Desiring to change into the inside westbound lane the witness looked into the rear-view mirror and "when I looked back up, the Hrebec car was right in front of me * * * I realized that he was coming *out of the alley* * * *. Moving in reverse. South * * * it was rolling backwards." Defendant's motions to strike this testimony (made when it was uttered and at the close of plaintiff's case) because it constituted a departure from the pleaded negligence and injected an "utterly inconsistent theory" of liability were overruled by the trial court. We find merit in defendant's claim the trial court erred in this respect.

 It is basic that in a damage suit plaintiff will not be permitted to recover upon proof of a charge contrary to the theory alleged in his petition, even though the different theory would suffice to have shown actionable negligence had it been properly pleaded.[9] This should especially apply when no effort was made by plaintiff to amend the petition to conform to the proof, and where, as here, plaintiff's evidence went to disprove the exact charge of negligence averred in his pleadings. Cf., Hughes v. Kiel, Mo.App., 100 S.W.2d 48, 50(2, 3). Although the judgment must be reversed because proof was allowed on an unpleaded charge of negligence, the facts here suggest that with a proper petition defendant's alleged negligence may be made an issue for a trier of the facts. Consequently, we will not reverse the judgment outright, but the cause will be reversed and remanded for a new trial. Grissom v. Handley, Mo.App., 410 S.W.2d 681, 690–691(18); Lorraine v. E. M. Harris Building Company, Mo.App., 391 S.W.2d 939, 942(2). What has been formerly noted regarding the alleged stipulation of the parties as to damages, requires the cause be remanded for new trial as to all issues.

It is so ordered.

STONE, P. J., and HOGAN, J., concur.

---

9. Larkin v. Consolidated Service Car Co., Mo.App., 382 S.W.2d 453, 454–455(1); Hein v. Chicago & E. I. R. Co., Mo. App., 209 S.W.2d 578, 581–582(2); Gilliland v. Bondurant, 332 Mo. 881, 59 S.W. 2d 679, 686(10), affirming (Mo.App.) 51 S.W.2d 559, 568(12).