Chester WARD, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 54500.

Supreme Court of Missouri,
Division No. 1.

March 9, 1970.

Robert L. Brown, Arnold, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal from denial, after hearing, of motion under Criminal Rule 27.26, V.A. M.R., to vacate and set aside judgment of conviction of felonious assault with malice with intent to kill.

On April 18, 1967, Chester Ward, Jr., a second offender, was convicted by a jury of assault with malice with intent to kill, Section 559.180, V.A.M.S., and his punishment was assessed by the trial judge at 10-years' imprisonment. On May 8, 1967, he appeared in court with his counsel, Joseph Noskay, withdrew his motion for new trial, waived his right to appeal, and stood ready for sentence, whereupon the court sentenced him to 4-years' imprisonment.

On July 2, 1968, he filed a motion under Rule 27.26, supra, which was amended and came on for hearing November 22, 1968, with movant present in court with appointed counsel, Robert L. Brown.

The motion alleges as grounds for relief:

(1) Double jeopardy, in that during the first trial Judge Bloom declared a mistrial "due to the fact that a (juror) volunteered information to the Court that he knew me and the victim * * * in violation to my constitutional rights as guaranteed by the Fifth Amendment of the Constitution of the United States in the discrimination in the selection of my jury panel as I did not object to said juror and the panel had been sworn."

(2) Double jeopardy, in that a second trial "resulted in a hung verdict because the jurors could not find enough evidence to convict and instead of being discharged, I was required to have a new trial."

(3) The only witness stated in the first two trials "he was not sure I was the criminal * * * and changed his statement for the third trial."

(4) That he was identified outside a line-up and without counsel present.

(5) That he requested his attorney to appeal his conviction on the ground of insufficient evidence.

(6) The identification witness "could not have positively identified me."

(7) Insufficient time to consult with an attorney.

Prior to making the evidentiary record, counsel, from their colloquy with the court, proceeded on a sequence of events that on January 1, 1967, defendant was arrested; on March 15, 1967, he was before Judge Bloom, a jury was impaneled, trial commenced, the state rested, and the court declared a mistrial; the next day (March 16, 1967), a new jury was impaneled, trial was commenced, and on March 17, 1967, a mistrial was declared because the jury was unable to reach a verdict; on April 17, 1967, defendant again stood trial and this conviction resulted. Mr. Brown then stated movant's contention that "having had to go through three separate jury trials if, possibly, considering the short period of time, would not be violating his right to a fair and speedy trial, but at least it is putting such a terrific burden on the defendant that it might constitute double

jeopardy," and that "the Court consider he was not represented by an attorney during his identification, which identification was completely outside of a lineup. He was just taken straight to the hospital where the victim was—."

The evidence consisted of the testimony of movant, Chester Ward, Jr., Joseph Noskay, and the memorandum of waiver of rights to have new trial motion considered and to appeal.

Movant's testimony went primarily to the matter of his waiver and was that he instructed his attorney to appeal before and after he and his attorney executed the waiver. He admitted his signature on the waiver, discussion of the waiver with Mr. Noskay, and his 11th-grade education. He also stated that if he could appeal he would state as grounds "my two mistrials, I wasn't identified except outside of a line-up."

Mr. Noskay, a public defender for nearly 25 years, identified the waiver and his and his former client's signatures, and described the procedure by which he secured a reduction in movant's punishment from 10 to 4 years.

The court found, with respect to the grounds previously recited and numbered (1) through (6), that there was "no basis upon which to grant relief," and overruled ground (7). The court found also that "upon giving a full and complete hearing to the movant in open court," there was "no reason to order a transcript of the trial proceedings," and appellant's brief acknowledges he "testified on all segments of his motion."

Appellant's brief on appeal is limited to his two allegations of double jeopardy; all other issues raised by the court's findings on the allegations are deemed abandoned by failure to present them as "points relied on." Civil Rule 83.05, V.A.M.R.; State v. Brookshire, Mo., 325 S.W.2d 497, 500 [4].

Appellant's first charge of double jeopardy rests on the allegation in his motion that the first mistrial was declared by the trial judge for the reason that a juror, while the trial was in progress, volunteered information respecting knowledge of the defendant and his victim which, presumably, he had not disclosed on voir dire. Allegations of the motion are not self-proving, and the only other reference to this as a ground for the mistrial appears in counsel's statement to the court, which also is not proof of the allegation, and the record positively demonstrates that movant had a full and complete hearing at which to adduce evidence on this matter. Under Rules 82.12(b) and 82.14(a), V.A.M.R., the transcript on appeal must contain all of the record, recitals, proceedings, and evidence necessary to the determination of all questions to be presented to the appellate court for decision. Where such items are absent, there is nothing for the appellate court to decide because an appellate court cannot convict a trial court of error upon an issue which failed for lack of evidentiary support. Edwards v. Hrebec, Mo. App., 414 S.W.2d 361, 366 [8, 9]. In this case the reason for granting the first mistrial is left to speculation and, absent proof of the reason, it cannot be said that double jeopardy occurred upon the second trial.

The second charge is that the third and convicting trial was double jeopardy after the second trial ended by way of the jury's inability to reach a verdict.

The state constitutional prohibition against double jeopardy, Constitution, Art. I, Sec. 19, V.A.M.S., applies only where an accused has been once acquitted by a jury, and where jurors in a previous trial were unable to agree on a verdict and were discharged, failure to render a verdict was not an acquittal, and a succeeding trial following such "hung" jury would not place the accused in double jeopardy. State v. Berry, Mo., 298 S.W.2d 429, 431 [1, 2]. Since that case, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 2d 707, held that in deciding double jeop-

ardy issues in state cases, the prohibition of the Fifth Amendment to the United States Constitution is applicable. However, this provision was not violated when appellant was put to trial subsequent to a mistrial on account of a "hung" jury. In Marienfeld v. United States, 8 Cir., 214 F.2d 632, 638 [4, 5], the defendant was convicted of federal income tax evasion after a prior trial had resulted in a "hung" jury. The defendant interposed a plea of double jeopardy on that ground, the trial court overruled it, and the appellate court affirmed the ruling.

Upon this record, the judgment cannot be said to be clearly erroneous, Crosswhite v. State, Mo., 426 S.W.2d 67, 70 [1], and it is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and RIEDERER, Special Judge, concur.

STORCKMAN, J., not sitting.