**Silas HOLT, Jr., Plaintiff-Appellant,**

**v.**

**Lois Virginia RABUN, Defendant-Respondent.**

No. 35338.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 11, 1975.

Davis & Davis, Abraham Davis, Clayton, for plaintiff-appellant.

Fitzsimmons & Fitzsimmons, Inc., Paul E. Fitzsimmons, Clayton, for defendant-respondent.

WEIER, Judge.

This is a suit for personal injuries and property damage airsing out of an automobile collision. From a verdict and judgment in favor of defendant, plaintiff has appealed. We affirm.

The basis for plaintiff's motion for new trial and his challenge to the defendant's

judgment on appeal is based upon alleged error in the failure of the trial court to give an instruction allegedly proffered by plaintiff which hypothesized in part defendant's failure to yield the right-of-way. Defendant counters by stating that the record of the case contained in the transcript does not make any reference to such an instruction being tendered and marked "refused" by the trial court. We have searched the transcript and find that the only reference to the tender of instructions is contained in a report of proceedings had in the judge's chambers following the close of the evidence wherein the court indicated that the record should show the giving of instructions numbered 1 through 9 with appropriate references to MAI numbers and by whom offered. At the conclusion of dictating this information into the record, he inquired of counsel: "Do you care to make a record on the instructions? MR. DAVIS: My objection goes to Instruction No. 7 given by the defendant. THE COURT: Is that the only one? MR. DAVIS: That's all."

Rule 70.01(d), V.A.M.R., in part reads: " * * * Original instructions which are refused shall be so marked by the court and filed with the clerk. * * * All instructions refused and all instructions given, including a record of who tendered them and the 'MAI' notation, shall be kept as a part of the record in the case." It is required that the transcript on appeal contain all of the record, proceedings, evidence, objections, requests, instructions, motions, orders, rulings and other matters necessary to the determination of all questions to be presented to the appellate court for decision and the appellant must cause the transcript to be prepared. Rules 81.12, 81.14. Where such matters are absent, there is nothing for the appellate court to decide because an appellate court cannot convict a trial court of error upon an issue which failed for lack of evidentiary support in the transcript. Ward v. State, 451 S.W.2d 79, 81 [2] (Mo.1970).

Here, there is no record of any attempt to tender plaintiff's instruction, or a refusal by the court to give it. The motion for new trial refers to such an instruction and its refusal. But the instruction and its refusal by the court are not found in the transcript which was approved by both plaintiff and defendant. The instructions found in the transcript were all given by the court. The plaintiff has attempted to supply us on appeal with a record on which we may move by attaching to his brief as exhibits the proffered instruction and memoranda of counsel in support of and in opposition to plaintiff's motion for new trial. Proof of any issue in a case cannot be bottomed on extraneous matters printed in the brief. Edwards v. Hrebec, 414 S.W.2d 361, 366 [7], fn. 6 (Mo.App.1967). Facts to be noticed by an appellate court must be obtained from the transcript and not from appendices to the briefs of parties. Slivka v. Hackley, 418 S.W.2d 89, 90 [2] (Mo. 1967).

The judgment is affirmed.

DOWD, C. J., and CLEMENS and RENDLEN, JJ., concur.