Kenneth ABNEY, Plaintiff–Appellant,

v.

**FARMERS MUTUAL INSURANCE COMPANY OF SIKESTON,**
Defendant–Respondent.

No. 11683.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 26, 1980.

James J. Logan, James F. Koester, Inc., St. Louis, for plaintiff–appellant.

Blanton, Rice, Sickal, Gilmore & Winchester, Sikeston, for defendant–respondent.

TITUS, Presiding Judge.

On October 2, 1977, plaintiff's house was consumed by fire. He was then insured by defendant Farmers Mutual Insurance Company of Sikeston, a farmers' mutual insurance company organized and existing under §§ 380.479 et seq., RSMo 1969, which had its source in House Bill 249, Laws of Missouri, 1953. Plaintiff on August 15, 1979, filed in the Circuit Court of Phelps County his petition, predicated on defendant's insurance policy, to recover various damages plaintiff allegedly incurred as a result of the conflagration and defendant's conduct attending the fire loss claim. As provided by § A (§ 21), Laws of Missouri, 1953 and § 380.840, RSMo 1969, "No suit or action for any loss . . . shall be sustainable in any court of law or equity unless all the requirements of the policy shall have been complied with, nor unless commenced within twelve months next after the loss . . . ." Based on the fact that plaintiff's action on the October 2, 1977, loss had not been commenced within twelve months of the fire (as provided both by the statute and the insurance policy), or until August 15, 1979, defendant filed its motion to dismiss the cause. The court nisi, agreeing with the motion, dismissed the petition and this appeal by plaintiff ensued.

Rules 81.12 and 81.14, V.A.M.R., provide the record on appeal is to consist of "the 'legal file' and the 'transcript.'" As above observed, the trial court dispatched the action on the motion to dismiss the petition. Ergo, on this appeal we have no "transcript"–only the "legal file" which consists of the following: (1) A December 4, 1979, letter from defendant's counsel to the trial court, with copies to plaintiff's lawyer, etc., to which was attached a summons issued by the Clerk of the Circuit Court of the City of St. Louis dated November 20, 1978, and a copy of plaintiff's four–count petition showing no filing date. The summons and petition denominate the parties as "Kenneth Abney Plaintiff v. Farmers Mutual Insurance Company, Superintendent of Insurance, Jefferson City, Missouri Defendant." ["Farmers Mutual Insurance Company" is not the proper name for defendant herein]; (2) Petition filed in the Circuit Court of Phelps County on August 15, 1979, wherein the parties were designated "Kenneth Abney, Plaintiff,–vs–Farmers Mutual Insurance Company of Sikeston Registered Agent: Bart H. Rowe, Jr. 301 North New Madrid, Sikeston, Missouri 63801, Defendant;" (3) Defendant's motion dated September 18, 1979, to dismiss plaintiff's Phelps County petition wherein it was stated the St. Louis City petition [see (1) above] was not filed until November 1, 1978, which is the only record evidence as to when that pleading was filed; (4) Notice of appeal; and (5) Copy of the Docket Sheet in the Phelps County suit.

Plaintiff's first point relied on reads: "I. The trial court erred in ruling that the plaintiff failed to bring an action within one year of his loss because the plaintiff commenced his action before the statute of limitations expired in that his petition was filed within one year of his loss and defendant was served with the original petition which related back to the date of the original filing. A. Suit was commenced within one year of the date of loss as provided in 380.840 R.S.Mo. 1949. B. Defendant was served and pleading filed to the petition originally filed prior to one year provision of 380.840 R.S.Mo. 1949 thus relating back under Rule 55.33(c) Mo.R.Civ.P."

The first point relied on, supra, is an abstract statement to the effect that plaintiff's action was commenced within one year as required by § 380.840 without any undertaking to illustrate "wherein and why" the abstraction is true. Simply asserting abstractly that plaintiff commenced his action within one year of his loss with no reason stated for the conclusion pre-

serves nothing for appellate review because the abstraction does not comply with the mandatory requirements of Rule 84.04(d), V.A.M.R. *Aley v. Hacienda Farms, Inc.*, 584 S.W.2d 126, 127[1] (Mo.App.1979). Appellate courts bear no duty to search through the record on appeal or the argument portion of an appellant's brief to ascertain the "wherein and why" of a conclusionary asseveration. *Brewer v. Blanton*, 555 S.W.2d 381, 386[10–12] (Mo.App.1977); *Barber v. M. F. A. Milling Company*, 536 S.W.2d 208, 209–210[3–4] (Mo.App.1976).

▪ Albeit the first point relied on preserves nothing for our review, a gratuitous perusal of the argument portion of the brief reveals what purports to be a history of plaintiff's abortive attempts, within one year of the fire loss, to sue, in courts other than the one involved here, various insurance companies, other than defendant, which did not insure plaintiff's fire loss. Apparently this recitation was undertaken to show a "relating back" of the tardy filing of the suit against defendant so as to avoid the effect of § 380.840. The glaring defect with this is that it relates to matters which nowhere appear in the record on appeal. Even if it were assumed, which it is not, that suing the wrong insurance companies would relate the commencement of the present suit back to the time the erroneous suits were filed, this court cannot accept counsel's statements in the brief concerning the dates such erroneous actions were commenced as a substitute for a record so showing. *Missouri Pacific R. Co. v. Rental Storage & T. Co.*, 524 S.W.2d 898, 907[9] (Mo.App.1975). An appellate court may not consider any matter not set forth in the record on appeal [*Swanson's, Inc. v. Scott*, 578 S.W.2d 345, 346[3] (Mo.App.1979)] nor may it augment the record by unsupported assertions in an appellant's brief. *Holt v. Rabun*, 519 S.W.2d 561, 562[2] (Mo.App.1975).

Plaintiff's second and final point relied on states: "The trial court erred in ruling that Section 380.840 R.S.Mo. 1978 V.A.M.S. prohibited plaintiff from bringing suit more than one year after his loss because Section 380.840 constitutes a special law in that it excludes those similarly situated who are insured by Town and County Mutual Insurance Companies under Sections 380.009 to 380.470 R.S.Mo. 1978 V.A.M.S."

▪ Wherein and why § 380.840 pertaining to limitation of actions against Farmers' Mutual Insurance Companies (§§ 380.479–380.860) constitutes a special law for excluding insureds in County Mutual Insurance Companies (§§ 380.009–380.-270) and insureds in Town Mutual Insurance Companies (§§ 380.280–380.470) is left for us to ponder, guess and conjecture. One questioning the reasonableness of a statutory classification has the burden of showing that it does not rest upon any reasonable basis [*City of Kirkwood v. Allen*, 399 S.W.2d 30, 37[11] (Mo.banc 1966)], and plaintiff's second point does not undertake to demonstrate wherein and why those classified as insureds in Farmers' Mutual Insurance Companies may not have legislation affecting them which differs from laws relating to insureds in County Mutual and Town Mutual Insurance Companies. It is supposed the reference to "special law" pertains to the constitutional prohibition that "The general assembly shall not pass any local or special law: ... for limitation of civil actions." Mo.Const. art. 3, § 40(6). A law is not special if it applies alike to all of a given class and the classification is made upon a reasonable basis. *State v. Cushman*, 451 S.W.2d 17, 19[3] (Mo.1970). Section 380.840 is not a special law because it applies alike to all those who choose to become insureds in a Farmers' Mutual Insurance Company. But be that as it may, a naked claim as here made that one statute when viewed with other statutes constitutes a special law, is nothing more than an abstraction which preserves nothing for appellate review. Rule 84.04(d), V.A.M.R.; *Oliver v. City of Higginsville*, 527 S.W.2d 690, 693[1] (Mo.App.1975).

In plaintiff's reply brief, tardily filed by leave of this court, he asserts "I. The defendant respondent is in error in its position that it is sufficient to disagree with the statement of facts of appellant without at-

tempting to document that position by adding supporting information to the legal file or by giving its contrary position in its statement of facts. II. Defendant respondents [sic] conclusion that insureds of County and Town Mutual Companies are not similarly situated with insureds of Farmers Mutual Insurance Companies is without support."

█ Frankly, the writer hereof is wholly incapable of understanding the intendment of this first point, supra. Moreover, the only citation of authority appended thereto is "Missouri Rule of Civil Procedure 88.12." In conjunction with the citation we note that Rule 88 dealing with "Divorce, Alimony, and Separate Maintenance", wholly foreign to the issues herein, was repealed by order adopted October 26, 1973, effective January 1, 1974. Whatever plaintiff may have intended to assert in point I, it is enough to say that a reply brief may not be employed to enlarge upon original submissions of error. *Gieringer v. Center School Dist. No. 58*, 585 S.W.2d 109, 112[1] (Mo. App.1979). The second point relied on in plaintiff's reply brief seems to be merely a rehash of his second point relied on in his original brief only written more in noncompliance with the requirements of Rule 84.-04(d), V.A.M.R. We decline to iterate what has already been said on this point.

For the reasons aforesaid, the appeal is dismissed.

FLANIGAN, C. J., and GREENE and PREWITT, JJ., concur.