Dear Mr. Koupal:
This opinion is in response to your question asking:
 Are the tax credit provisions of Section 100.297 of the Missouri Revised Statutes (Noncumulative Supplement 1985) constitutional?
Section 100.297, RSMo Supp. 1985, provides:
 100.297. Tax credit for owner of revenue bonds or notes, when, amount, limitation. — 1. The board may authorize a tax credit, as described in this section, to the owner of any revenue bonds or notes issued by the board under the provisions of sections 100.250 to 100.297, if, prior to the issuance of such bonds or notes, the board determines that:
 (1) The availability of such tax credit is a material inducement to the undertaking of the project in the state of Missouri and to the sale of the bonds or notes;
 (2) The loan with respect to the project is adequately secured by a first deed of trust or mortgage or comparable lien, or other security satisfactory to the board.
 2. Upon making the determinations specified in subsection 1 of this section, the board may declare that each owner of an issue of revenue bonds or notes shall be entitled, in lieu of any other deduction with respect to such bonds or notes, to a tax credit against any tax otherwise due by such owner under the provisions of chapter 143, RSMo, in the amount of one hundred percent of the unpaid principal of and accrued interest on such bonds or notes held by such owner in the taxable year of such owner following the taxable year of the default of the loan by the borrower with respect to the project and the final application of all amounts available from the project for the payment of such principal and accrued interest. The tax credit allowed under this section shall be available to the original owners of the bonds or notes or any subsequent owner or owners thereof. Notwithstanding any provisions of Missouri law to the contrary, any portion of the tax credit to which any owner of a revenue bond or note is entitled under this section which exceeds the total income tax liability of such owner of a revenue bond or note shall be carried forward and allowed as a credit against any future taxes imposed on such owner within the next ten years under the provisions of chapter 143, RSMo. The eligibility of the owner of any revenue bond or note issued under the provisions of sections 100.250 to 100.297 for the tax credit provided by this section shall be expressly stated on the face of each such bond or note.
 3. The aggregate principal amount of revenue bonds or notes outstanding at any time with respect to which the tax credit provided in this section shall be available shall not exceed fifty million dollars.
The Board to which this section refers is the Missouri Industrial Development Board.
A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly and undoubtedly violates some constitutional provision. C.L.P. v. Pate,673 S.W.2d 18 (Mo. 1984); State v. Hampton, 653 S.W.2d 191 (Mo. 1983). A statute has a presumption of constitutionality.Weston Crown Plaza Hotel Company v. King, 664 S.W.2d 2 (Mo. 1984).
Starting with this presumption of constitutionality, we turn to the various constitutional provisions to which you have directed our attention.
 I.
Article III, Section 38(a) of the Missouri Constitution provides:
 Section 38(a). Limitation on use of state funds and credit — exceptions — public calamity — blind pensions — old age assistance — aid to children — direct relief — adjusted compensation for veterans — rehabilitation — participation in federal aid. The general assembly shall have no power to grant public money or property, or lend or authorize the lending of public credit, to any private person, association or corporation, excepting aid in public calamity, and general laws providing for pensions for the blind, for old age assistance, for aid to dependent or crippled children or the blind, for direct relief, for adjusted compensation, bonus or rehabilitation for discharged members of the armed services of the United States who were bona fide residents of this state during their service, and for the rehabilitation of other persons. Money or property may also be received from the United States and be redistributed together with public money of this state for any public purpose designated by the United States.
Article III, Section 39(1) and (2) of the Missouri Constitution, provides:
 Section 39. Limitations on power of general assembly. The general assembly shall not have power:
 (1) To give or lend or to authorize the giving or lending of the credit of the state in aid or to any person, association, municipal or other corporation;
 (2) To pledge the credit of the state for the payment of the liabilities, present or prospective, of any individual, association, municipal or other corporation;
If the legislation in question serves a "public purpose," the provisions of the Missouri Constitution quoted above are not violated. See Menorah Medical Center v. Health andEducational Facilities Authority, 584 S.W.2d 73 (Mo. 1979);Americans United v. Rogers, 538 S.W.2d 711 (Mo. 1976), cert.denied, 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 632 (1976). Also see Missouri Attorney General Opinion No. 60, Cairns, 1981.
The Missouri courts have long recognized that industrial development is a legitimate "public purpose." See State exrel. Wagner v. St. Louis County Port Authority, 604 S.W.2d 592
(Mo. 1980); State ex rel. Jardon v. Industrial DevelopmentAuthority of Jasper County, 570 S.W.2d 666 (Mo. 1978); Stateex rel. Atkinson v. Planned Industrial Expansion Authority ofSt. Louis, 517 S.W.2d 36 (Mo. 1975).
The tax credit provisions in Section 100.297 foster industrial development in the state. Industrial development is a recognized public purpose. This public purpose was apparently recognized by the legislature which provided in Section100.275.7, RSMo Supp. 1985, that, "[n]othing contained in sections 100.250 to 100.297 shall be deemed to constitute a use of state funds or credit in violation of the provisions of article III, sections 37, 38(a) and 39 of the Missouri Constitution." Because of the public purpose associated with the tax credits, we conclude such tax credits do not violate Article III, Section 38(a) or Article III, Section 39(1) and (2) of the Missouri Constitution.
 II.
Article III, Section 37 of the Missouri Constitution provides in part:
 The general assembly shall have no power to contract or authorize the contracting of any liability of the state, or to issue bonds therefor, except . . . .
Various exceptions not relevant to your question are authorized.
This constitutional provision was considered in Petitionof Board of Public Buildings, 363 S.W.2d 598 (Mo. 1962). In that case, the Missouri Supreme Court defined the term liability as follows:
 We hold that "liability" here, as used in § 37, Art. 3, of our Constitution, means, in its true context, a contractual indebtedness, present or future, absolute or contingent, which will be or may be liquidated by general taxation. [363 S.W.2d at 605.]
The statute in question provides for a tax credit. There is no contracting or authorizing the contracting of any liability of the state. The state has no obligation to make any payment as a result of the tax credit. Because the tax credit does not constitute a liability of the state, we conclude such tax credits do not violate Article III, Section 37 of the Missouri Constitution.
 III.
Article X, Section 3 of the Missouri Constitution provides:
 Section 3. Limitation of taxation to public purposes — uniformity — general laws — time for payment of taxes — valuation. — Taxes may be levied and collected for public purposes only, and shall be uniform upon the same class or subclass of subjects within the territorial limits of the authority levying the tax. All taxes shall be levied and collected by general laws and shall be payable during the fiscal or calendar year in which the property is assessed. Except as otherwise provided in this constitution, the methods of determining the value of property for taxation shall be fixed by law.
With respect to this section, we note first that it applies to taxes levied and collected. Section 100.297 provides for tax credits. It is not a tax levied and collected. However, even if Article X, Section 3 is deemed applicable, as discussed previously, we have concluded the tax credits are for a public purpose. Therefore, we conclude the tax credits provided in Section 100.297 do not violate Article X, Section 3 of the Missouri Constitution.
 IV.
Article II, Section 1 of the Missouri Constitution provides:
 Section 1. Three departments of government — separation of powers. The powers of government shall be divided into three distinct departments — the legislative, executive and judicial — each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted.
Because the Board is authorized to determine when the tax credit is available, there is a question whether such authorization constitutes an unlawful delegation of legislative power. We note that the statute requires specific findings by the Board before the Board is authorized to make the tax credit available. As stated in State v. Cushman, 451 S.W.2d 17 (Mo. 1970), while an executive officer may not be delegated the power to make and promulgate rules and regulations of a strictly and exclusively legislative nature, the General Assembly, having established a sufficient definite policy, may authorize administrative rules, regulations or orders relating to the administration or enforcement of the law. In the situation about which you are concerned, the legislature has set forth the findings required by the Board before the tax credits are to be made available. Therefore, we conclude that Section 100.297
does not violate Article II, Section 1 of the Missouri Constitution.
 V.
Article III, Section 40 of the Missouri Constitution prohibits the passing of certain local or special laws. It might be argued that the tax credits in question violate this provision because the tax credits are available only to offset losses or default on bonds issued by the Board and not to offset losses on similar bonds issued by the State of Missouri, its political subdivisions or agencies. A law is not special if it applies alike to all of a given class and the classification is made upon a reasonable basis. Abney v. Farmers MutualInsurance Company of Sikeston, 608 S.W.2d 576 (Mo.App. 1980).See also State ex rel. Wagner v. St. Louis County PortAuthority, 604 S.W.2d 592 (Mo. 1980). Based upon the cases interpreting this section of the Missouri Constitution, we conclude that Section 100.297 does not violate Article III, Section 40 of the Missouri Constitution.
Based upon our review of the Missouri Constitution, and in particular the provisions discussed above, it is our opinion that the tax credit provisions of Section 100.297, RSMo Supp. 1985, do not violate the Missouri Constitution.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General