**Ralph E. ROBINSON, Appellant,**

v.

**BOARD OF TRUSTEES OF the POLICEMEN'S RETIREMENT FUND OF RAYTOWN, Missouri, and City of Raytown, Missouri, Respondents.**

**No. WD 40108.**

Missouri Court of Appeals,
Western District.

Aug. 30, 1988.

John C. Russell, Raytown, for appellant.

Roger D. Odneal, Kansas City, for respondents.

Before CLARK, P.J., and
LOWENSTEIN and FENNER, JJ.

PER CURIAM.

This is a petition for judicial review of a decision by the Board of Trustees of the Policemen's Retirement Fund of the City of Raytown, Missouri. The circuit court denied appellant relief on the ground, among others, that the proceeding before the Board of Trustees was not a contested case as defined by § 536.010(2), RSMo 1986, and, therefore, appellant had no recourse to the courts to review the Board's decision.

On this appeal, appellant complains he had no opportunity in the trial court to prove his claim of unfair age discrimination

and contends the trial court erred when it failed to recognize that the Board acted in a "quasi-judicial" capacity in granting him a hearing and in deciding his claim on its merits. He asserts that his claim of discrimination raised a constitutional issue and that judicial review is therefore mandated.

The facts underlying appellant's suit for review of the decision of the Board of Trustees are not directly relevant to the issue of whether the proceeding before the Board was a contested case under Chapter 536. Some explanation of the background, however, will serve to place the dispute in context. Because no evidence was presented to the circuit court and no evidence heard by the Board was reproduced for this court, the limited statement of facts is drawn from the petition allegations admitted in respondents' answer.

Appellant formerly served as a Raytown, Missouri police officer. On September 25, 1983, he reached age 55 and under the then current Raytown ordinances, he was required to retire. Raytown has made provision for retired police officers through its Retirement Fund Pension Trust. That trust is administered by respondent Board of Trustees. It is assumed appellant qualified to receive and has since September, 1983, been receiving payment of his pension from the trust. He makes no complaint otherwise.

On May 15, 1984, the Board of Aldermen of Raytown adopted an amendment to the city ordinance relative to retirement of police officers and increased the retirement age to 60. Thereafter, appellant notified respondent Board that he considered himself to have been subjected to discriminatory treatment because he had been compelled to retire at age 55. The relief he sought from the Board of Trustees was not described in his notification but he requested a hearing which was granted by the Board. On September 27, 1984, the Board notified appellant that his status as a retired city employee would remain in effect. The petition for review was thereafter filed in the circuit court.

The circuit court held that appellant was not entitled to judicial review of the decision by respondent Board because he had neither alleged nor proved that any ordinance, statute or constitutional provision required the Board of Trustees to grant appellant a hearing to explain his asserted grievance nor was the Board of Trustees shown to have been under any duty to declare appellant's rights, duties or privileges in the matter of his purported grievance. On this account, the court held the proceedings before the Board of Trustees not to have been a contested case under the Administrative Procedure Act and appellant was therefore not entitled to judicial review of the Board's decision.

■ We note at the outset that there is no record in the legal file of any proceedings by motion or otherwise which brought this case to issue before the circuit court for decision. No evidence was presented, no affidavits were filed and there was no stipulation of facts. The judgment of the circuit court entered merely recites that the case was submitted on the pleadings and briefs. This absence of any evidence is necessarily fatal to appellant's claim that he proved his right to judicial review pursuant to § 536.100, RSMo 1986.

■ The right to seek judicial review depends upon express authorization by statute or rule. *St. Louis County v. State Tax Commission*, 608 S.W.2d 413, 414 (Mo. banc 1980). Section 536.100, RSMo 1986, provides that judicial review is available to persons aggrieved by a decision in a contested case. A contested case is a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing. *City of Richmond Heights v. Board of Equalization*, 586 S.W.2d 338, 342 (Mo. banc 1979). A contested case does not mean every case in which there may be a contest about rights, duties or privileges. *Id.*

Respondent Board of Trustees is quite apparently an entity created by ordinances of the City of Raytown. It may reasonably be assumed that the duties of the Board and the subject matters in which it is

charged to act are defined in Raytown ordinances. Because no evidence was ever presented in this case, however, neither the circuit court nor this court has the benefit of Raytown ordinances which would possibly explain whether appellant was entitled to a hearing before respondent Board and, if so, whether the Board was required to determine any legal rights, duties or privileges affecting appellant. In short, without proof that Raytown ordinances define the jurisdiction of the Board of Trustees to issue a decision in a claim of grievance such as was asserted by appellant, there is no basis on which to contend that the circuit court was obligated to provide judicial review under appellant's petition.

■ The legal file appellant has supplied this court does contain copies of Raytown ordinances, which copies appear to bear exhibit numbers. Appellant makes passing reference to the ordinances, although the nature of his claim and what relief he could expect from the Board of Trustees is unclear. There is no doubt, however, that the ordinances were not in evidence before the circuit court and they are not available for consideration by this court. Municipal ordinances may not be judicially noticed, they must be proved by evidence as any fact in the case. *Sirna v. APC Building Corp.,* 730 S.W.2d 561, 566 (Mo.App.1987).

Respondents in their brief do not discuss the evidentiary deficiency attributable to appellant's failure to prove any ordinance of respondent city. They do argue that appellant was not entitled to judicial review, the underlying proposition, because he failed to prove that the hearing given appellant before the Board of Trustees was a contested case as defined by § 536.010(2), RSMo 1986. Despite respondents' apparent acceptance of the ordinances in the file as available for consideration, this court may not so expand its field of inquiry. An appellate court may not consider any matter outside the record on appeal nor may it augment the record by extraneous matters printed in or appendices to the parties' briefs. *Abney v. Farmers Mutual Insurance Co.,* 608 S.W.2d 576, 578 (Mo.App. 1980); *Holt v. Rabun,* 519 S.W.2d 561, 562 (Mo.App.1975).

Apart from the question of what jurisdiction the Board of Trustees may have pursuant to Raytown ordinances, appellant fields some general arguments that because he claims age discrimination and relies on constitutional guarantees, the decision by the Board of Trustees is somehow necessarily subject to judicial review. The contention has no merit. It is not the nature of the claim which determines the availability of judicial review, but the decision making function of the administrative body as prescribed by law. If the administrative body is not charged by some law with the obligation to hear the claim and render a decision upon legal rights, duties or privileges, there is no right to judicial review.

We conclude that the decision in this case by the circuit court was correct, but the judgment should be modified to reflect the actual status of the disposition. The judgment entered by the circuit court recited a denial of relief to appellant when in fact the petition was denied for want of jurisdiction to entertain review. The judgment is therefore reversed and the case is remanded with directions that the court order appellant's petition dismissed.

All concur.